GEORGE S. GROMER AND ICA L. GROMER, APPELLANTS, v. WILLIAM H. WATSON AND BENJAMIN G. WATSON, RESPONDENTS.—233 S. W. 2d 45.

Kansas City Court of Appeals.   Opinion delivered October 2, 1950.

*John J. Robison* and *Harold L. Miller,* for appellants.

No attorneys for respondents.

BROADDUS, J.—This suit involves the construction of a farm lease. Plaintiffs were denied the relief they sought in the trial court and have appealed.

Plaintiffs, George S. and Ica L. Gromer, husband and wife, are the owners of 280 acres of land in DeKalb County, Missouri. Defendants are father and son and had been plaintiffs' tenants on said farm for two years prior to March 1, 1949. The written lease between the parties which is here involved bears date of August 10, 1948, but was not actually executed until January 10, 1949. The name of plaintiff, Ica L. Gromer, does not appear in the lease. Its term was from March 1, 1949 to March 1, 1950. It provided that the tenants were to prepare the ground in the fall of 1948 and drill in wheat 220 acres. Actually, about 189 acres were sown in wheat. The landlord was to furnish the seed and pay 10¢ per bushel for "combining his half." The tenants were to combine said wheat, put the landlord's half in his bin, and pay all other expenses. The lease also provided that the tenants should prepare the ground and drill in oats 30 acres but, in fact, 42 acres were sown in oats. Here again the landlord was to furnish the seed and pay 5¢ per bushel for "combining his half." The tenants were to combine said oats, put the landlord's half in his bin and pay all other expenses.

In March 1949, defendants sowed lespedeza on all the acreage on which wheat and oats had been sown. Plaintiffs furnished the lespedeza seed. Sometime prior to August 1949, plaintiffs leased the land to a new tenant, Louis Snider, for the crop year of 1950. At plaintiffs' direction, on August 14, 1949, Snider went upon the farm with a tractor and plow for the purpose of plowing said land. He was told by defendants that they did not want any plowing to take place and would consider him a trespasser.

On August 29, 1949, plaintiffs filed this suit. The petition is in two counts. In the first, they seek injunctive relief restraining defendants from interfering with plaintiffs or their 1950 lessee, Snider, in their efforts to enter upon the premises and plow the land that had produced the wheat and oat crops and on which there was a growing lespedeza crop. The second count asks for a declaration of rights of the parties under the contract.

The lease contains this provision: *"It is further agreed that on all tillable ground on which crops are matured and harvested the lease expires on said land and reverts back to first party."* (plaintiffs)

The trial of this cause took place on October 22, 1949. At that time frost had occurred and the lespedeza crop had matured, but had not been harvested. The testimony was undisputed that the normal time to harvest a lespedeza crop is after a frost has taken place.

At the conclusion of the evidence the trial court found that there was no equity in the first count of plaintiffs' petition and dismissed the same. As to the second count, the court found that, although the lease does not so require, plaintiffs furnished to defendants in the spring of 1949 lespedeza seed for seeding all the wheat and oat lands on said farm pursuant to which the defendants prepared the seed bed and seeded the same at their own expense, which said crop of lespedeza was not yet harvested; that a justiciable controversy had arisen between plaintiffs and defendants with respect to the ownership of said lespedeza crop and with respect to plaintiffs' right to immediate possession of the land on which said lespedeza crop was grown and from which it had not then been harvested, plaintiffs claiming ownership of all said lespedeza crop and the right to immediate possession of said land, and defendants claiming ownership to an undivided one-half interest in said lespedeza crop together with the right of possession of said land until the seasonable harvesting by them of said lespedeza crop; that said lespedeza crop had matured and could seasonably be harvested; that plaintiffs were entitled to one-half of the lespedeza crop to be harvested and delivered to plaintiffs on said farm land without additional expense to plaintiffs, and upon completion of the harvesting of said crop plaintiffs would be entitled to immediate possession of the land on which said lespedeza crop was located.

From this adverse finding plaintiffs, as stated above, prosecute this appeal.

Plaintiffs' sole contention is that the trial court "in declaring the rights of plaintiffs and defendants under the written lease erred in construing a written instrument certain, unambiguous and definite in its terms, by engrafting and writing into the lease terms which were not covered in said instrument, thus and thereby writing a contract for the parties, by declaring that defendants had a right to an undivided one-half interest in and to the lespedeza crop grown on the premises, which said crop was not covered or mentioned in the lease."

Plaintiffs cite and quote from numerous cases in support of the well settled rule that it is not the function of a court to make contracts between the parties, but to apply and construe them as made by the parties themselves. We do not think that the learned trial judge violated this rule.

The lease did not say that the lespedeza crop was not to be harvested but was to be plowed or turned under for fertilizer, as plaintiffs assert was contemplated by them. On the other hand, the lease stated that it did not expire on the tillable land and the same "revert back"

to plaintiffs until the *"crops"* thereon were "matured and harvested." On August 14th, when plaintiff's new tenant, Snider, entered upon the land to plow he found thereon a growing crop—lespedeza. It is true it was not a wheat or oat crop, but, nevertheless, it was a "crop". It had not *"matured"* and, of course, had not been *"harvested."* Under all of the testimony, it was not ready for harvest until a frost had occurred.

This lease was prepared by plaintiff, George S. Gromer. If it is open to different constructions, it should be construed most strongly against plaintiffs. (The Buhler Mill & Elev. Co. v. Jolly, 217 Mo. App. 240.) The lease did not state that when the wheat and oat crops had matured and been harvested the land would then revert to plaintiffs. That was to take place only when *all crops* had matured and been harvested. It would have been a simple thing for plaintiffs to have written into the lease a provision that the lespedeza crop was not to be allowed to mature and be harvested but was to be plowed under for fertilizer. Doubtless had this provision appeared in the lease the defendants, as tenants, who were to prepare the seed bed and sow the lespedeza seed on 231 acres of land, would have insisted on being compensated for their labor.

Plaintiffs' motion for new trial made no complaint of the trial court's mode of division of the lespedeza crop. Their sole contention was that defendants were entitled to *none* of that crop.

The judgment was for the right parties and it is affirmed. All concur.